**DRESSER INDUSTRIES, INC. and Dresser (France) S.A., Plaintiffs,**

v.

**Malcolm BALDRIDGE, Secretary United States Department of Commerce, et al., Defendants.**

**Civ. A. No. 82–2385.**

United States District Court, District of Columbia.

Sept. 13, 1982.

John Vanderstar, Covington & Burling, Washington, D.C., for plaintiffs.

Richard K. Willard, U.S. Dept. of Justice, Washington, D.C., for defendants.

### ORDER

JOYCE HENS GREEN, District Judge.

This action was filed on August 23, 1982, by plaintiffs, Dresser Industries, Incorporated, and Dresser (France), S.A., seeking injunctive relief preventing defendants, the Secretary of Commerce and other officials of the Department of Commerce, from imposing sanctions on Dresser (France) for violating regulations prohibiting the export of certain goods to the Soviet Union. The Honorable Thomas A. Flannery of this

---

Court, on August 24, 1982, denied plaintiffs' request for a temporary restraining order enjoining the defendants from imposing sanctions, noting, in a written order issued the following day, that plaintiffs had not shown a substantial likelihood of success on the merits of the case, nor had plaintiffs presented the Court with sufficient evidence to demonstrate that the administrative procedures set forth in regulations of the Department of Commerce, codified at 15 C.F.R. Part 388 (1982), were not adequate to allow a full and fair ventilation before the agency of plaintiffs' arguments in opposition to the imposition of sanctions.

Since that time, on August 26, 1982, the Department of Commerce, through its Hearing Commissioner, issued *ex-parte* a temporary denial order, pursuant to section 388.19 of the Export Administration Regulations, 15 C.F.R. § 368, *et seq.* (1982), which denied Dresser (France) all export privileges. Plaintiffs immediately moved the agency to vacate its denial order, requesting an immediate oral hearing, pursuant to 15 C.F.R. § 388.19(b) (1982) in order to obtain a ruling no later than August 30, 1982. Since that time, the Hearing Commissioner requested certain briefing, and allowed limited discovery to commence. On September 2, 1982, plaintiffs noticed an appeal of the Hearing Commissioner's denial order, essentially because no hearing on the motion to vacate that order had been scheduled and because there was, in their words, "no indication of when" the motion would be acted upon. No action has been taken on the appeal, although the General Counsel of the Department of Commerce indicated to the Assistant Secretary for Trade Administration, by letter dated September 7, 1982, that its response to the appeal would be filed within the period allowed by regulations—that is, by October 4, 1982—absent an order from the Assistant Secretary directing a more rapid response. The Assistant Secretary has not, to this date, so ordered. On that same date, the Hearing Commissioner modified the original denial order, limiting the scope of the order to commodities and technology relating to exploration of oil and gas. Plaintiffs, however, insist that since their business primarily is in the manufacture of machinery employed in energy exploration, the modification does not measurably diminish the impact of the denial order upon their operations.

Frustrated by the Hearing Commissioner's failure as yet to act upon the motion, plaintiffs now return to Court, seeking a stay of the sanctions imposed by the denial order. Plaintiffs argue that, as such, they effectively have been foreclosed from the administrative safeguards within the regulations of the Department of Commerce protecting their right to be informed of the charges made against them and to present arguments in opposition to the agency's action. Plaintiffs assert that now it is "too late" for the agency to afford them their procedural rights within the administrative process, and that despite the absence of exhaustion of administrative remedies, judicial intervention is appropriate.

The factors which the Court must consider when presented with an application for injunctive relief are set forth in the well-known cases of *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 182 U.S.App.D.C. 220, 559 F.2d 841 (1977) and *Virginia Petroleum Jobbers Association v. F.P.C.,* 104 U.S.App.D.C. 106, 259 F.2d 921 (1958). The Court must inquire (1) whether the movant has made a strong showing that it is likely to prevail on the merits of its case, (2) whether the movant has shown that without such relief, it will be injured irreparably, (3) whether the issuance of an injunction would substantially harm other parties interested in the proceedings, and (4) where the public interest lies. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 559 F.2d at 843, quoting *Virginia Petroleum Jobbers Association v. F.P.C.,* 259 F.2d at 925.

At this juncture, upon the record that thus far has been established, it cannot be said that plaintiffs have made a strong showing that they are likely to prevail on the merits. Moreover, in light of the continuing availability of administrative reme-

dies in the ongoing proceedings before the agency, the Court cannot find that irreparable harm necessarily will fall upon plaintiffs if the extraordinary injunctive relief sought is not granted.

Plaintiffs, before changing their demand to one for a stay, had sought prompt administrative resolution of the issues they have raised. Indeed, the Export Administration Regulations provide that, where requested, as here, hearings such as that sought by plaintiffs must be scheduled for "the earliest convenient date." 15 C.F.R. § 388.-19(b)(2). Yet defendants have stated that once the limited discovery they seek is completed, which could be done in a matter of days, they would be ready for a hearing within five days thereafter. As such, this Court cannot find that plaintiffs have been deprived of their due process rights before the agency as they suggest. The Court does, however, recognize that the administrative remedies available to plaintiff will be meaningful only if prompt action within the agency is taken thereupon, and therefore the Court takes this concern into consideration in the issuance of its Order herein.

Most acutely evident to all those involved in this case is the potential for profound harm that could inure to the United States should injunctive relief issue. The regulations that lie at the heart of this dispute, which prohibit the export of certain goods and technology to the Soviet Union, particularly those goods sought for the construction of the gas pipeline between that country and Western Europe, were promulgated as part of a major foreign policy exercise. The purpose of this foreign policy action was to effectuate the response of the United States to certain events which have transpired over the past year in Poland, creating a political situation in that country which this country's leadership has declared unacceptable and which has shown no substantial sign of reversal to previous conditions. Accordingly, the United States has a grave interest in its ability to enforce these regulations which are, in its view, essential to the accomplishment of important foreign policy objectives. See Adams v. Vance, 187 U.S.App.D.C. 41, 570 F.2d 950 (1977). As the relief plaintiffs seek would only serve to benefit them and those doing business with them, to the potentially serious detriment of the United States, it cannot be doubted that the public interest does not lie with a grant of the injunction requested by plaintiffs.

Nonetheless, while the requirements for the extraordinary relief sought by plaintiffs have not been met, plaintiffs are entitled to, and, if they now so desire, must be afforded their rights to argue to the matters at hand at the administrative level and to pursue the administrative process. The Court concludes that plaintiffs' rights can be protected without interfering with the important foreign policy concerns of this nation, within the administrative process set forth in the agency's regulations, provided that the process can be expedited specially. Consequently, it is, by the Court, this 9th day of September, 1982,

ORDERED, that the parties take all actions necessary to insure a prompt resolution of the motion of plaintiffs pending before the Hearing Commissioner, and comply with the following schedule:

1. Defendants' discovery requests shall be served on plaintiffs no later than September 9, 1982.

2. Plaintiffs' response to those requests shall be provided no later than September 14, 1982.

3. A hearing on plaintiffs' motion before defendants' Hearing Commissioner to vacate the Temporary Denial Order of August 26, 1982 shall be held no later than September 17, 1982.

IT IS FURTHER ORDERED, that in light of the above schedule herein ordered, that plaintiffs' motion for a temporary restraining order shall be and hereby is denied without prejudice to its renewal should the hearing on plaintiffs' motion to vacate the Temporary Denial Order not take place on or before September 17, 1982, as above ordered.